1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  JERMAINE DEVON WATKINS,          Case No. C10-1208-JLR-JPD

11             Petitioner,

12        v.                          REPORT AND RECOMMENDATION

13  JEFFERY A. UTTECHT,

14             Respondent.

15

16   *Pro se* petitioner Jermaine Devon Watkins applies to proceed *in forma pauperis* with a

17  second 28 U.S.C. § 2254 habeas petition for relief from his conviction on four counts of rape

18  of a child in the first degree and his sentence of 280-months imprisonment.  (Second Dkt. 1;

19  Second Dkt. 1-1, at 1.)[1]  His first § 2254 petition to challenge this conviction was dismissed

20  with prejudice November 2008.  (First Dkt. 22 (Order); First Dkt. 18 (Report and

21  Recommendation).)   The Court recommends DENYING the present habeas petition as

22  "second or successive," 28 U.S.C. § 2244(b), and DISMISSING this matter with prejudice.

23  The Court also recommends DENYING issuance of a certificate of appealability.

24

25        [1] References to the docket in petitioner's first habeas petition, C08-618-RAJ, are noted
    as "First."  References to the docket in the present habeas petition, C10-1208-JLR-JPD, are
26  noted as "Second."  The pagination is taken from the scanned originals.

REPORT AND RECOMMENDATION
PAGE - 1

**BACKGROUND**

In 2008, Mr. Watkins brought his first § 2254 habeas petition challenging his conviction and sentence in King County Superior Court Case No. 04-12523-1. (First Dkt. 6.) He raised four grounds for relief: (1) the trial court violated his constitutional right to present a complete defense; (2) the trial court violated his constitutional right to a unanimous jury verdict; (3) he received ineffective assistance of counsel; and (4) cumulative error denied his constitutional right to a fair trial. (First Dkt. 6, at 5, 8, 9, 11; *see* First Dkt. 18.) The Court found his first, third, and fourth grounds to be procedurally barred. (Dkt. 18, at 4–6.) The Court also found that his second ground lacked merit because there was no clearly established right to a unanimous verdict in state-court, non-capital, criminal cases. (Dkt. 18, at 6–9.) The Court therefore dismissed Mr. Watkins's entire habeas petition with prejudice. (Dkt. 22.) In January 2009, the Court denied him the issuance of a certificate of appealability. (Dkt. 27.) In December 2009, the Ninth Circuit also denied Mr. Watkins's request for a certificate of appealability. (Dkt. 30.)

In July 2010, Mr. Watkins brought his present § 2254 petition and an application to proceed *in forma pauperis* to challenge his conviction and sentence in King County Superior Court Case No. 04-12523-1. (Second Dkt. 1; Second Dkt. 1-1, at 1.) He raises four grounds for relief: (1) unlawful arrest; (2) insufficient evidence; (3) ineffective assistance of counsel; and (4) a biased jury.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus petition challenging that custody. *See* § 2244(b)(1). "Generally, a new habeas petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001). Mr.

REPORT AND RECOMMENDATION
PAGE - 2

1  Watkins's present habeas petition is "second or successive" because all of his claims could
2  have been adjudicated on their merits in his first habeas petition.

3  Before filing a second habeas petition in the district court, a prisoner "shall move in
4  the appropriate court of appeals for an order authorizing the district court to consider the
5  application." 28 U.S.C. § 2244(b)(3)(A). If the prisoner does not first obtain authorization to
6  file a second or successive habeas petition under § 2244(b)(3)(A), the district court lacks
7  jurisdiction to consider the second or successive petition. *See Burton v. Stewart*, 549 U.S. 147,
8  (2007) (per curiam); *see also Cooper*, 274 F.3d at 1273 (under § 2244(b), once district court
9  recognizes a habeas petition is "second or successive," it lacks jurisdiction to consider the
10 merits of the petition).

11 Mr. Watkins has neither sought nor obtained authorization from the Court of Appeals to
12 file a second habeas petition. When Mr. Watkins filed his first habeas petition, he was being
13 held in custody pursuant to the 2005 judgment that had been entered in King County Case No.
14 04-12523-1. When he filed his second habeas petition, he was still being held in custody
15 pursuant to the same 2005 judgment. Mr. Watkins has twice brought claims contesting the
16 same custody imposed by the same judgment of a state court. As a result, under § 2244(b) of
17 the AEDPA, petitioner was required to receive authorization from the Court of Appeals before
18 filing his second challenge. Because he did not do so, the Court is without jurisdiction to
19 entertain it.

20 If the district court adopts the report and recommendation, it must determine whether a
21 certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254
22 Cases in the United States District Courts. A COA may be issued only where a petitioner has
23 made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C.
24 § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could
25 disagree with the district court's resolution of his constitutional claims or that jurists could
26

REPORT AND RECOMMENDATION
PAGE - 3

conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Mr. Watkins should be denied a COA because no reasonable jurist could disagree that his present petition is successive. Mr. Watkins should address whether a COA should be issued in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

For the reasons discussed above, the Court recommends that petitioner's 28 U.S.C. § 2254 habeas petition challenging his 2005 conviction in King County Superior Court Case No. Case No. 04-12523-1 be DISMISSED with prejudice. The Court also recommends DENYING the issuance of a certificate of appealability. A proposed order accompanies this Report and Recommendation.

DATED this 6th day of August, 2010.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4